UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

CASE:

CARLOS BRITO,

    Plaintiff,

v.

CST METRO LLC (d/b/a Circle K and/or Corner Store and/or Diamond Shamrock and/or Diamond Shamrock 4073),

    Defendant.
_____/

**COMPLAINT**

Plaintiff, CARLOS BRITO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues, CST METRO LLC (hereinafter "Defendant"), and as grounds alleges:

JURISDICTION, PARTIES. AND VENUE

1. This is an action for injunctive relief, a declaration of rights, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331 and 1343.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, et seq.

4. Plaintiff, CARLOS BRITO, is an individual over eighteen years of age, residing

and domiciled in El Paso County, Colorado, and is otherwise *sui juris.*

5.      At all times material, Defendant, CST METRO LLC, was and is a Michigan Limited Liability Company, qualified to do business in Colorado, with a principal office street address listed in 19500 Bulverde Road, San Antonio, TX 78259.

6.      At all times material, Defendant, CST METRO LLC, owned and operated a gasoline/convenience property and business located at 3113-3115 Sinton Road, Colorado Springs, Colorado 80907 (hereinafter the "property and business"). Based upon research conducted, the property and business may hold itself out to the public as either "Circle K" and/or "Corner Store" and/or "Diamond Shamrock" and/or Diamond Shamrock 4073."

7.      Venue is properly located in the District of Colorado because Defendant's property and business are located in Colorado Springs, Colorado, Defendant regularly conducts business within Colorado Springs, Colorado, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Colorado Springs, Colorado.

## FACTUAL ALLEGATIONS

8.      Although over twenty-five years have passed since the effective date of Title III of the ADA, Defendant has yet to make their facilities accessible to individuals with disabilities.

9.      Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendant continues to discriminate against people who are disabled in ways that block them from access and use of Defendant's property and business.

10.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

11.     Plaintiff, CARLOS BRITO, is an individual with disabilities as defined by and

pursuant to the ADA. Plaintiff, CARLOS BRITO, is, among other things, a paraplegic (paralyzed from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand.  Plaintiff requires the use of a wheelchair to ambulate.

12. Defendant, CST METRO LLC, owns, operates and oversees the property and business, to include the general parking lot and parking spots specific to the business therein, and it owns, operates and oversees said property and business located in Colorado Springs, Colorado, that is the subject of this Action.

13. The subject property and business is open to the public and is located in Colorado Springs, Colorado.  The individual Plaintiff visits the property and business regularly, to include visits to the property on or about August 9, 2017 and August 23, 2018 and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the property and business. He plans to return to and often visits the property and business, in order to avail himself of the goods and services offered to the public at the property and business therein, if the property and business become accessible.

14. Plaintiff visited the property and business as a patron/customer, regularly visits the property and business as a patron/customer, and intends to return to the property and business therein in order to avail himself of the goods and services offered to the public at the property and business.  Plaintiff is domiciled nearby in the same state as the property and business, has regularly frequented the Defendant's property and business located within the property for the intended purposes, and intends to return to the property and within four (4) months' time of the filing of this Complaint.

15. The Plaintiff found the property and business to be rife with ADA violations.  The Plaintiff encountered architectural barriers at the property and business and wishes to continue his

patronage and use of the premises.

16.     The Plaintiff, CARLOS BRITO, has encountered architectural barriers that are in violation of the ADA at the subject property and business.  The barriers to access at Defendant's property and business have denied or diminished Plaintiff's ability to visit the property and business and endangered his safety.  The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS BRITO, and others similarly situated.

17.     Defendant, CST METRO LLC, owns/or and operates, a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104.  Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that Defendant, CST METRO LLC, owns and operates is the property and gasoline/convenience store business located at 3113-3115 Sinton Road, Colorado Springs, Colorado 80907.

18.     Plaintiff, CARLOS BRITO, has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the described property and business, but not necessarily limited to the allegations in Paragraph 20 of this Complaint.   Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the property and business located within the property and business, in violation of the ADA. Plaintiff desires to visit the property and business located within the property and business, not only to avail himself of the goods and services available at this property and business, but to assure himself that the property and business is in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the property and business without fear of discrimination.

19.     Defendant has discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or

accommodations of the property and business, as prohibited by 42 U.S.C. § 12182 et seq.

20. Defendant has discriminated, and continues to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant have 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the Defendant's property and business, include, but are not limited to, the following:

A. **Parking**
   1. Plaintiff could not safely access the store as the disabled spaces lack clear access aisles with ramps and level changes in the unloading areas violating ADAAG Section 4.6 and 2010 ADAS Section 502.

B. **Entrance Access and Path of Travel**
   1. Plaintiff had difficulty traversing the path of travel as there are non-compliant slopes present at the door. Violation: The path of travel contains excessive slopes in the maneuvering space for the door violating ADAAG Section 4.13 and Section 404 of the 2010 ADA Standards, resolution is readily achievable.
   2. Plaintiff had difficulty on the path of travel due to abrupt changes in level greater than ½ inch, violating Section 4.3 of the ADAAG and 2010 ADAS Section 403, whose resolution is readily achievable.
   3. Plaintiff had difficulty as the path of travel which is not continuously accessible. There is no accessible routes from the public sidewalks, bus stops to the building, violating ADAAG Section 4.3 and Section 206 of the 2010 ADAS.

C. **Access to Goods and Services**

1. There are protruding objects present throughout the facility, in violation of Section 4.4 of ADAAG and Section 307.2 of the 2010 ADA Standards, whose resolution is readily achievable.

2. The facility fails to make reasonable accommodations in policies, practices and procedures to provide full and equal enjoyment of disabled individuals and does not maintain the elements that are required to be accessible and usable by persons with disabilities, violating ADAAG Section 36.211 and the 2010 ADAS.

3. There is no compliant access to dining for the plaintiff at the facility in violation of ADAAG and 2010 ADAS requirements.

D. **Public Restrooms**

1. Plaintiff could not transfer as the water closet lacks transfer space and has improper grab bars in violation of ADAAG Section 4.17 and 2010 ADA Standards Sections 604. The flush control is on the wall side violating ADAAG Section 4.16 and 2010 ADA Standards Sections 604 and 309, resolution is readily achievable.

2. Plaintiff could not enter and exit the restroom as required maneuvering space is not provided and the door hardware is a knob type violating Section 4.13 of the ADAAG, and Section 404 whose resolution is readily achievable.

3. Plaintiff could not use the urinal which is mounted too high violating ADAAG Section 4.18 and 2010 ADA Standards Section 605, lowering readily achievable.

4. Plaintiff could not use the toilet paper dispenser which is mounted in an improper location and the door swings into the clear floor space of the paper towel dispenser violating ADAAG Sections 4.2, 4.17 and 4.27 as well as 2010 ADA Standards Sections 308, 309 and 604, resolution is readily achievable.

21. The discriminatory violations described in Paragraph 20 are not an exclusive list of the Defendant's ADA violations. Plaintiff requests an inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, CARLOS BRITO, from further ingress, use, and equal enjoyment of the property and business; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice.

22. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendant's property and business; and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations as set forth above.  The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

23. Defendant has discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.  Furthermore, the Defendant continues to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with

disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

24. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

25. A Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff require an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

26. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

27. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to alter the property where Defendant operates its property and businesses, located at 3113-3115 Sinton Road, Colorado Springs, Colorado 80907, the interiors, exterior areas, and the common exterior areas of the property and business to make that facility readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendant cures its violations of the ADA.

WHEREFORE, the Plaintiff, CARLOS BRITO, respectfully requests that this Honorable Court issue (i) a Declaratory Judgment determining Defendant, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.; (ii) Injunctive relief against Defendant, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (iii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iv) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: November 20, 2018.

**GARCIA-MENOCAL & PEREZ, P.L.**

*Attorneys for Plaintiff*
1150 Catamount Drive
Golden, CO 80403
Telephone:  (720) 996-3500
Facsimile:  (720) 381-0515
Primary E-Mail:   ajperez@lawgmp.com
Secondary E-Mail: mpomares@lawgmp.com


By:   */s/ Anthony J. Perez*
    ANTHONY J. PEREZ
    Florida Bar No.: 535451